**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG KEYON WHITE, | No.   17-56307 |
| Petitioner-Appellant, | D.C. No.<br>5:14-cv-02480-R-GJS |
| v. | |
| ROBERT W. FOX, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 9, 2019**
Pasadena, California

Before:  O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

Craig White appeals the district court's denial of his petition for a writ of

habeas corpus following his conviction for first degree robbery, attempted robbery,

and first degree burglary in California state court.  As the facts are known to the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties, we repeat them only as necessary to explain our decision.[1]

I

The district court did not err in determining that the pretrial identification procedures were not unduly suggestive and thus did not violate due process. Although Deputy Bodnar did not read the admonishment aloud to Estevez and asked him to take his time when viewing the six-pack photo lineup, such actions did not direct Estevez's attention to one photo in particular and did not render the procedure impermissibly suggestive. *Simmons v. United States,* 390 U.S. 377, 383–84 (1968). Bodnar's additional comments to Estevez did not suggest to Estevez that White was "the man." *See Foster v. California,* 394 U.S. 440, 443 (1969). The record does not support the claim that Bodnar suggested to Estevez that White was the correct choice or even that there was any evidence that any of the men pictured had committed the crime. *See Simmons,* 390 U.S. at 383–84; *see also United States v. Bagley,* 772 F.2d 482, 493 (9th Cir. 1985). Bodnar's assertion that the report mentioned a man with braids did not prompt Estevez to choose White because all of the photos depicted men with braids. Finally, the poor quality of the photos did not make the procedure impermissibly suggestive. *See United States v. Burdeau,* 168 F.3d 352, 357 (9th Cir. 1999).

---

[1] Appellant's Request for Judicial Notice, filed with this court December 10, 2018, is **GRANTED**.

2

Even if there were any suggestiveness in the procedure, the witness identifications were independently reliable based on the *Biggers* factors. *Manson v. Braithwaite,* 432 U.S. 98, 114 (1977). First, all four victims had adequate opportunity to view White during the crime, which occurred in a lighted house and lasted about 45 minutes. *Neil v. Biggers,* 409 U.S. 188, 199-200 (1972). Second, the witnesses paid a fair degree of attention to White and were able to recall these details at trial. *Id.* Third, despite the slight variations in descriptions of White's hair and clothing, the witnesses gave an accurate physical description of White. *Id.* Fourth, the witnesses were fairly certain to very certain in their pretrial identifications of White. *Id.* Fifth, the time between the crime and identifications was relatively short. *Id.*; *see also United States v. Barron,* 575 F.2d 752, 755 (9th Cir. 1978).

Because the procedure was not impermissibly suggestive and was independently reliable, the district court did not err in concluding that the state court's decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. *Harrington v. Richter,* 562 U.S. 86, 98 (2011).

## II

The district court did not err in determining White's counsel was not ineffective for failing to challenge the identification procedure or failing to

introduce audio recordings of the witness identifications. White has not demonstrated deficient performance and so his claim fails. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). First, White failed to demonstrate that the pretrial identification procedures were impermissibly suggestive or unreliable. Therefore, counsel's motion to suppress would have been futile. Counsel was not deficient under *Strickland* for failing to file a meritless motion. *Ceja v. Stewart,* 97 F.3d 1246, 1253 (9th Cir. 1996). Second, counsel's decision to impeach the witnesses with the written transcripts rather than the audio recordings was a tactical decision that falls under the "wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Because there was, in fact, a reasonable argument that counsel did satisfy *Strickland,* the district court did not err in concluding that the state court's decision was not contrary to clearly established law. *Richter,* 562 U.S. at 105.

**AFFIRMED.**